UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| **ELEANORA KIM** ) | |
| ) | CIVIL CASE NO. _____ |
| **Plaintiff,** ) | |
| ) | **VERIFIED COMPLAINT** |
| vs. ) | |
| **AEGIS RECEIVABLES** ) | |
| **MANAGEMENT INC.,** ) | |
| **fka GLOBAL VANTEDGE INC.** ) | |
| ) | |
| **and** ) | |
| ) | |
| **MRS ASSOCIATES INC.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## NATURE OF CLAIMS

1. This is an action for actual and statutory damages brought by plaintiff, Eleanora Kim ("Kim"), an individual consumer, against defendants, Aegis Receivables Management Inc., f.k.a. Global Vantedge Inc. ("Aegis") and MRS Associates, Inc., ("MRS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and New York General Business Law, Section 349 ("GBL"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## PARTIES

6. Plaintiff, Kim, is a natural person residing in Queensbury, Warren County, New York.

7. Aegis, is on information and belief, a corporation engaged in the business of collecting

        debt within New York, with a principal place of business located at 851 Irwin Street, Suite 304, San Rafael, CA, 94901.

8. Aegis is engaged in the collection of debts from consumers using the mail and telephone.

9. Aegis regularly attempts to collect consumer debts alleged to be due to another and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Aegis also "conducts a business" and/or "furnishes a service" as those terms are defined in GBL §349.

11. MRS, is on information and belief, a corporation engaged in the business of collecting debt within New York, with a principal place of business located at 1930 Olney Avenue, Cherry Hill, NJ 08003.

12. MRS is engaged in the collection of debts from consumers using the mail and telephone.

13. MRS regularly attempts to collect consumer debts alleged to be due to another and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. MRS also "conducts a business" and/or "furnishes a service" as those terms are defined in GBL §349.

## FACTUAL ALLEGATIONS
## RELATING TO AEGIS

14. On or about April 4, 2009, at 8:22 AM the plaintiff received a telephone call from Aegis' employee/agent, "Samuel Johnson" demanding in an abusive, rude and threatening manner that the plaintiff pay the alleged debt to Sears or face "consequences."

15. The telephone call by Aegis was received by the plaintiff at her residence.

16. The plaintiff told the Aegis representative that she did not owe any debt to Sears and verbally requested that the defendant provide a verification of the debt.

17. On or about April 6, 2009 at 8:34 AM, the plaintiff received another telephone call from Aegis' employee/agent, "Jane Thompson" demanding in an abusive, rude and threatening manner that the plaintiff pay the alleged debt to Sears.

18. The telephone call by Aegis was received by the plaintiff at her residence.

19. The plaintiff told the Aegis representative that she did not owe any debt to Sears and verbally requested that the defendant provide a verification of the debt.

20. On or about April 6, 2009, the defendant mailed a collection letter to the plaintiff demanding payment of a debt allegedly owed to Sears in the amount of $439.12.  <u>A true and correct copy of the letter dated April 6, 2009,  from Aegis to Eleanor (sic) Kim is attached hereto as Exhibit A.</u>

21. The letter from Aegis was received by the plaintiff at her residence in Queensbury, New York.

22. The alleged debt which is the subject of the letter was a personal, family, or household services debt.

23. On or about April 10, 2009, the Law Offices of Ronald J. Kim sent a letter ("representation letter")  via facsimile and confirming first class mail, stating that it "represents [the plaintiff] and will continue to represent [the plaintiff] in the above referenced matter.   All correspondence and/or pleadings in connection with Aegis Receivables Management and/or Sears should be sent to this office. "  <u>A true and correct copy of the letter dated April 10, 2009 from the Law Offices of Ronald J. Kim to Jane Thompson of Aegis is attached hereto as Exhibit B.</u>

24. In addition, the representation letter also requested that Aegis "provide verification and/or validation of the above referenced debt."  <u>Id.</u>

25. The defendant Aegis never responded to the plaintiff's three separate requests for a verification.

26. The defendant, Aegis knew or  should have known that its actions violated the FDCPA and GBL.

27. The defendant Aegis could have taken the necessary steps to bring its actions within compliance with the FDCPA and GBL, but willfully neglected to do so and failed to adequately review these actions to ensure compliance with the law.

28. At all times pertinent, the defendant Aegis  acted by and through its respective agents, servants and/or employees, who were acting within the scope and course of their respective employment and under the direct supervision and control of Aegis.

29. Aegis' conduct, and the conduct of  its respective agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard of the FDCPA and GBL, and the rights of the plaintiff.

30. As a direct and proximate result of the Aegis' conduct, plaintiff has sustained actual damages, including but not limited to injury to plaintiff's reputation, invasion of privacy, damage to plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain

and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her determent and lass.

## FACTUAL ALLEGATIONS
## RELATING TO MRS

31. On or about September 25, 2009 at 11:15 AM the plaintiff received a telephone call from MRS' employee/agent, "Mark Spencer" demanding that the plaintiff pay the alleged debt to Sears."

32. The telephone call by MRS was received by the plaintiff at her residence.

33. The plaintiff told the MRS representative that she did not owe the debt and requested that the defendant MRS provide a verification of the debt.

34. Furthermore, the plaintiff explained to the MRS representative that she was represented by the Law Offices of Ronald J. Kim and requested that all further communication be directed to their offices.

35. On or about September 26, 2009 at 10:55 AM the plaintiff received a telephone call from MRS' employee/agent, "Jake Lewis" demanding that the plaintiff pay the alleged debt to Sears."

36. The telephone call by MRS was received by the plaintiff at her residence.

37. The plaintiff told the MRS representative that she did not owe the debt and requested that the defendant MRS provide a verification of the debt.

38. Furthermore, the plaintiff explained to the MRS representative that she was represented by the Law Offices of Ronald J. Kim and requested that all further communication be directed to their offices.

39. The defendant MRS never responded to the two separate requests for a verification of the alleged debt.

40. The defendant, MRS knew or should have known that its actions violated the FDCPA and GBL.

41. The defendant MRS could have taken the necessary steps to bring its actions within compliance with the FDCPA and GBL, but willfully neglected to do so and failed to adequately review these actions to ensure compliance with the law.

42. At all times pertinent, the defendant MRS acted by and through its respective agents, servants and/or employees, who were acting within the scope and course of their respective employment and under the direct supervision and control of MRS.

43. MRS' conduct, and the conduct of its respective agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard of the FDCPA and GBL, and the rights of the plaintiff.

44. As a direct and proximate result of the defendant's conduct, plaintiff has sustained actual damages, including but not limited to injury to plaintiff's reputation, invasion of privacy, damage to plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her determent and lass.

### First Claim for Relief
### (New York Deceptive Business )
### (AEGIS and MRS)

45. Plaintiff hereby incorporates each and every prior allegation as though fully restated and realleged.

46. The plaintiff is a "consumer" as that term is defined by GBL Section 349.

47. The defendants' attempt to collect the alleged debt is an unfair and deceptive business practice on a consumer which was and did mislead the plaintiff and did in fact cause actual harm.

48. The defendants' unfair and deceptive business practice was a willful and knowing violation of GBL Section 349.

49. As a result thereof, the defendants are each separately liable for actual and compensatory damages, and statutory damages in the sum of $50.00 per violation, along with attorneys fees and costs.

### Second Claim for Relief
### (Fair Debt Collection Practices Act)
### (AEGIS and MRS)

50. Plaintiff hereby incorporates each and every prior allegation as though fully restated and

realleged.

51. The defendants violated 15 U.S.C.§1692g(b) by failing to provide verification of the debt and continuing its debt collection efforts after the plaintiff had disputed the debt.

52. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, statutory damages of $1,000.00 for each violation, and attorney's fees.

### Third Claim for Relief
### (Fair Debt Collection Practices Act)
### (AEGIS and MRS)

53. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

54. The defendants violated 15 U.S.C.§1692c(a)(2) by continuing to contact the plaintiff directly when each knew or should have known that the plaintiff was represented by counsel.

55. As a result of the above violation of the FDCPA, the defendants are liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, statutory damages of $1,000.00 for each violation, and attorney's fees

**WHEREFORE,** the plaintiff having set forth her claims for relief against the defendant respectfully prays of the Court as follows:

A. That the plaintiff have and recover against the defendants a sum to be determined by the Court in the form of actual and compensatory damages; including emotional distress and pain and suffering;

B. That the plaintiff have and recover against the defendants a sum to be determined by the Court in the form of statutory damages;

C. That the plaintiff have and recover against the defendants a sum to be determined by the Court in the form of punitive damages;

D. That the plaintiff have and recover against the defendants all reasonable legal fees and expenses incurred by their attorney;

E. That this Court order the defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violation of New York GBL Section

349;

F.   That this Court order the defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692e;

G.   That the plaintiff have such other and further relief as the Court may deem just and proper.

Dated: April 2, 2010

   /s/Ronald J. Kim/s/
RONALD J. KIM
Law Offices of Ronald J. Kim
Attorney for Plaintiff
36 Long Alley
Saratoga Springs, NY 12866
518-581-8416 Telephone
518-583-9059 Facsimile
Ron@ronaldkimlaw.com E-Mail

**MAILING ADDRESS:**
**Law Offices of Ronald J. Kim**
**PO BOX 318**
**Saratoga Springs, NY 12866**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| **ELEANORA KIM** | ) | |
| | ) | INDEX NO. _____ |
| **Plaintiff,** | ) | |
| | ) | **VERIFICATION** |
| vs. | ) | |
| AEGIS RECEIVABLES | ) | |
| MANAGEMENT INC., | ) | |
| fka GLOBAL VANTEDGE INC. | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| MRS ASSOCIATES INC. | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

_____

STATE OF NEW YORK     )
COUNTY OF WARREN     ) ss:

ELEONORA KIM, being duly sworn, deposes and says:

1. I am the Plaintiff in the above captioned action.

2. I have read the foregoing Complaint.

3. To my knowledge, the Complaint is true as to those matters concerning the Defendant.

4. With respect to all other matters, which are alleged on information and belief, I believe those matters to be true.

                                          /s/Eleonora Kim/s/_____
                                          ELEONORA KIM

Sworn to before me this
2<u>nd</u>  day of April, 2010.

/s/Christie M. Lacijan/s/_____
Notary Public - State of New York
Qualified in Saratoga County
Comm. No.: 01LA6040854 Exp. 05/01/2014